UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TAARIQ IRSHAAD,

Plaintiff,

v.

MACY TESMER, HEATHER HUVLAND, LAURA THIMIJAN, PETER WARD, STEVE ROLOEPHS, NURSING STAFF OF PAT CRANDAL, CAROLYN, BARB, DR. MOLELLA, DR. SUSAN PEARSON, AARON HESS, JIM ONEIL, EDWARD "TED" MAEDER, BARB OLSON, DAVE ADAMS, ANGELA EATON, JAY CLEMONS, STACY SINNER, KATHY STRIFF, and STEVE VONWALD,

Defendants.

CIVIL NO. 00-1554 (JMR/JMM)

ORDER

Plaintiff has filed a Complaint seeking relief for alleged violations of his federal constitutional rights, which purportedly occurred while he was incarcerated at the Olmsted County Jail, in Rochester, Minnesota. In a separate Report and Recommendation filed contemporaneously with this Order, it has been recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b) as to Defendants Heather Huvland, Laura Thimajan, Steve Roloephs, Pat Crandal, Carolyn, Barb, Aaron Hess, Jim Oneil, Edward "Ted" Maeder, Barb Olson, Dave Adams, Angela Eaton and Jay Clemons, and that Plaintiff be allowed to prosecute his claims against the seven remaining named Defendants at this time. The matter is now before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), and his request for appointment of counsel, (Docket No. 3.)

FILED AUG 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

A. IFP Application

The Court finds that Plaintiff is financially eligible for IFP status, and his IFP application will therefore be GRANTED. This means that Plaintiff will be excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, $132.17), in installments pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.[1]

Because IFP status has been granted, Plaintiff is entitled to have the seven remaining named Defendants, (Macy Tesmer, Peter Ward, Dr. Molella, Dr. Susan Pearson, Stacy Sinner, Kathy Striff and Steve Vonwald), served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, and an extra copy of his complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If he does not satisfy this requirement within the next thirty (30) days, he

---

[1] It appears that Plaintiff is presently confined at the state mental health facility located in St. Peter, Minnesota.

will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285) and an extra copy of the Complaint. (Form USM-285 will be provided by the Clerk's office upon request. Copies of the Complaint can also be obtained from the Clerk, upon payment of the prescribed copying fee.)

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims against the seven remaining named Defendants. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and Complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

B. Appointment of Counsel

Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 3.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual

complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and his submissions in this matter demonstrate that he has been able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's request for counsel will be denied.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $132.17 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to authorities at the institution where Plaintiff is confined;

3. Within thirty (30) days after the date of this order, Plaintiff shall file one completed Form USM-285 and one extra copy of the Complaint for each of the Defendants

to be served in this matter, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of the Complaint;

5. A copy of this Order shall be served together with the summons and Plaintiff's Complaint;

6. Those Defendants upon whom service of process is effected will be required to file a response to Plaintiff's Complaint; and

7. Plaintiff's "Motion For Appointment Of Counsel," (Docket No. 3), is DENIED.

Dated: August 16, 2000

JOHN M. MASON
United States Magistrate Judge