UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TAARIQ IRSHAAD,

Plaintiff,

v.

MACY TESMER, HEATHER HUVLAND, LAURA THIMIJAN, PETER WARD, STEVE ROLOEPHS, NURSING STAFF OF PAT CRANDAL, CAROLYN, BARB, DR. MOLELLA, DR. SUSAN PEARSON, AARON HESS, JIM ONEIL, EDWARD "TED" MAEDER, BARB OLSON, DAVE ADAMS, ANGELA EATON, JAY CLEMONS, STACY SINNER, KATHY STRIFF, and STEVE VONWALD,

Defendants.

CIVIL NO. 00-1554 (JMR/JMM)

REPORT AND RECOMMENDATION

Plaintiff has filed a Complaint alleging that Defendants violated his federal constitutional rights while he was confined at the Olmsted County Jail in Rochester, Minnesota.[1] The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[2] For the reasons discussed below, the

---

[1] As far as the Court can tell, Plaintiff was still confined at the Olmsted County Jail when he filed this action, but he is now located at the state mental health facility in St. Peter, Minnesota.

[2] Plaintiff did not tender the required filing fee with his Complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated July 5, 2000, (Docket No. 5), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 6), and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED AUG 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Court finds that Plaintiff has failed to state a claim on which relief can be granted as to Defendants Heather Huvland, Laura Thimijan, Steve Roloephs, Pat Crandal, Carolyn, Barb, Aaron Hess, Jim Oneil, Edward "Ted" Maeder, Barb Olson, Dave Adams, Angela Eaton, and Jay Clemons. It will therefore be recommended that the action be dismissed as to those thirteen Defendants.

## I. BACKGROUND

Plaintiff alleges in his Complaint that he suffered a series of unpleasant experiences while he was incarcerated at the Olmsted County Jail between January and June of this year. First, after being accused of being involved in a fight, he was placed in segregated confinement, allegedly without a fair hearing. Then, while returning to his segregated cell one day, shackled with leg irons and "a waist restraint belt," he allegedly was pushed and fell to the ground. Plaintiff further alleges that he was denied access to his mail and other reading materials for approximately two months, and that he was sometimes denied access to legal research materials.

Plaintiff also claims that he was denied proper medical care during his confinement at the Olmsted County Jail. He allegedly suffers from mental illness, diabetes, and various dental problems and vision problems, and he claims that he did not receive necessary medical attention for his numerous maladies.

In this action, Plaintiff is attempting to sue 20 named Defendants who allegedly were responsible for his bad experiences at the Olmsted County Jail. Giving his Complaint the benefit of liberal construction, it appears that he is seeking to hold Defendants liable for violating his federal constitutional rights under the First, Eighth and

Fourteenth Amendments. He also is attempting to bring state tort law claims against some of the Defendants. Plaintiff is seeking a wide range of relief, including injunctive relief, a declaratory judgment, and compensatory and punitive damages.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from various governmental employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to several of the named Defendants, because Plaintiff's Complaint fails to state any actionable claim against them.

A. Defendants Huvland and Thimajan

Plaintiff alleges that Defendants Heather Huvland and Laura Thimajan were present when he was pushed and fell to the ground, while he was shackled. Another Defendant (Macy Tesmer) is accused of actually pushing Plaintiff. Huvland and Thimajan are accused only of laughing at Plaintiff and not providing prompt medical care for him. (Complaint, ¶s 20-26.)

If Plaintiff's allegations are true, Huvland and Thimajan obviously acted inappropriately and unprofessionally. However, those Defendants did not violate Plaintiff's constitutional rights merely by laughing. Plaintiff has alleged no facts suggesting that either Huvland or Thimajan was in a position to prevent Plaintiff's fall. Moreover, while it appears that Plaintiff may have been in some discomfort after falling, he has alleged no facts suggesting that he suffered any serious physical injury that required prompt medical attention. Because there are no factual allegations showing that Huvland or Thimajan acted with deliberate indifference toward any serious medical need, Plaintiff has failed to state an actionable Eighth Amendment claim against them. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) ("[a] prison official exhibits deliberate indifference," and may therefore be liable for an Eighth Amendment violation, "when the official actually 'knows of and disregards' a prisoner's serious medical needs"); Sherrer v. Stephens, 50 F.3d 496, 497 (8th Cir. 1994) (per curiam) (Eighth amendment claimant must show that defendant "ignored an acute or escalating situation," or knowingly caused delays that "adversely affected [Plaintiff's] prognosis, given the type of injury" at issue).

Thus, the Court can find no allegations, which if proven true, would support any actionable claim for relief against Defendants Huvland or Thimajan. It will therefore be recommended that the action be dismissed as to those two Defendants.

B. Defendant Roloephs

Plaintiff is attempting to sue Defendant Steve Roloephs for allegedly (1) "refus[ing] to order religious books for Plaintiff," and (2) denying Plaintiff's requests for reading glasses. (Complaint, ¶s 50 and 71.) There are no allegations suggesting that

Defendant Roloephs had any duty to order books for Plaintiff, or obtain glasses for him. Even if Plaintiff does have a constitutional right to order books of his choosing and obtain reading glasses upon demand, (which seem to be rather dubious suppositions), there are no factual allegations suggesting that Defendant Roloephs should be held legally liable for violating such rights. It will therefore be recommended that the action be dismissed as to Defendant Roloephs, because the Complaint fails to state an actionable claim against him.

C. Defendants Pat Crandal, Carolyn and Barb

Plaintiff is also attempting to sue three nurses identified as Pat Crandal, Carolyn and Barb. The Complaint fails to state an actionable claim against these three Defendants, because there are no factual allegations describing any specific acts or omissions that could cause them to be liable to Plaintiff. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Here, even with the benefit of liberal construction, Plaintiff's Complaint does not describe any specific events or occurrences, or any specific acts or omissions, showing how Defendants Crandal, Carolyn or Barb could have violated Plaintiff's federal constitutional rights. Plaintiff alleges only that he was "seen by [the] nurse defendant[s]" on one occasion on January 28, 2000, and that the three nurses "turned the other cheek"

in response to his "needs [for] special care due to his mental disabilities and diabetes." (Complaint, ¶s 63 and 92.) Broad allegations such as these, pleaded without any supporting factual allegations of any kind, do not state a cause of action on which relief can be granted. Because Plaintiff has not alleged any facts specifically describing what these three Defendants did or failed to do, it will be recommended that the action be dismissed as to all three of them.

D. Defendants Hess, Oneil, Olson, Adams, Eaton and Clemons

Plaintiff broadly alleges that Defendants Aaron Hess, Jim Oneil, Barb Olson, Dave Adams, Angela Eaton, and Jay Clemons, violated his constitutional rights by putting him in restraint belts, shackles and handcuffs. (Complaint, ¶s 85-86.) The allegations against these Defendants are also too vague and conclusory to support a § 1983 cause of action. Plaintiff has not identified any specific individuals who allegedly committed any particular wrongful acts, nor has he identified the time, place or circumstances of any such acts.

More importantly, the mere act of placing a criminal defendant in physical restraints -- which is all that Plaintiff has alleged in his Complaint -- cannot be viewed as a constitutional violation. See Key v. McKinney, 176 F.3d 1083, 1085-86 (8th Cir. 1999) (prisoner subjected to physical restraint devices could not sustain Eighth Amendment claim without showing that defendants acted with deliberate indifference to his health or safety). There are no factual allegations in the Complaint suggesting that Plaintiff suffered any significant physical pain as a result of the restraints that were used on him. In fact, he expressly alleges only that Defendants sought to "humiliate" him, which clearly will not

support an Eighth Amendment claim. See id. at 1085 (restraint procedure used on prisoner-plaintiff did not violate the Eighth Amendment, even though it was found to be "humiliating, degrading, and uncomfortable"). Thus, the Court finds that Plaintiff has failed to state any actionable claim for relief against Hess, Oneil, Olson, Adams, Eaton and Clemons, and it will be recommended that they be dismissed from this action.

E. Defendant Maeder

Finally, it will be recommended that the action be dismissed as to Defendant Edward "Ted" Maeder, because the Complaint does not include any discernible claim against him. The Court has found no allegations in the Complaint suggesting that Defendant Maeder did anything or failed to do anything that could have violated Plaintiff's constitutional rights; indeed, there does not appear to be any allegation of any kind pertaining to this particular Defendant.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted as to Defendants Huvland, Thimajan, Roloephs, Crandal, Carolyn, Barb, Hess, Oneil, Maeder, Olson, Adams, Eaton, and Clemons. It is therefore recommended that the action be dismissed as to these thirteen Defendants pursuant to 28 U.S.C. § 1915A. The Court will defer any ruling on the adequacy of Plaintiff's allegations against the seven remaining Defendants, (namely Macy Tesmer, Peter Ward, Dr. Molella, Dr. Susan Pearson, Stacy Sinner, Kathy Striff and Steve Vonwald), and Plaintiff will be allowed to pursue his claims against those Defendants for now.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants Heather Huvland, Laura Thimijan, Steve Roloephs, Pat Crandal, Carolyn, Barb, Aaron Hess, Jim Oneil, Edward "Ted" Maeder, Barb Olson, Dave Adams, Angela Eaton, and Jay Clemons, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against Defendants Macy Tesmer, Peter Ward, Dr. Molella, Dr. Susan Pearson, Stacy Sinner, Kathy Striff and Steve Vonwald be allowed to proceed at this time, without prejudice to any defenses that such Defendants may later seek to raise.

Dated: August 17, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before Aug. 24, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.