UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TAARIQ IRSHAAD,

Plaintiff,

v.

MACY TESMER, PETER WARD, DR. MOLELLA, DR. SUSAN PEARSON, STACY SINNER, KATHY STRIFF, and STEVE VON WALD,

Defendants.

CIVIL NO. 00-1554 (JMR/JMM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned upon Plaintiff's Complaint before the District Court [Docket No. 1]. Plaintiff is represented pro se. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Plaintiff's Complaint [Docket No. 1] be dismissed without prejudice by reason of his failure to cause process to be filed or served.

## FINDINGS OF FACT/REPORT

### Procedural Background

Plaintiff filed a Complaint with the Court on June 28, 2000, alleging that Defendants violated his federal constitutional rights while he was confined at the Olmsted County Jail in Rochester, Minnesota. [Docket No. 1]. A plaintiff is responsible for effecting service of a summons and complaint upon defendants in a civil action. See Fed. R.

FEB 09 2001
FRANCIS E. [illegible], CLERK
JUDGMENT [illegible]
DEPUTY CLERK

Civ. P. 4(c)(1). Despite repeated extensions of time, Plaintiff has failed to effect service of the Complaint.

In order for Marshal service to be accomplished, Plaintiff was required to do two things: 1) submit to the Clerk of Court an extra copy of his Complaint for each Defendant to be served, and 2) fill out and submit a Marshal service form (Form USM-285) for each Defendant, thus providing the U.S. Marshal with the necessary addresses and information to effect service. Plaintiff was instructed by the Court that if he satisfied these requirements within the time limit established by the Court, then a summons would issue, and service of process would be performed by the U.S. Marshal upon those Defendants for whom Plaintiff submitted a properly completed Marshal service form and an extra copy of the Complaint. [Docket No. 7]. He was further instructed that failure to timely satisfy the requirements will be deemed an abandonment of his action, and the Court will recommend that the case be dismissed, without prejudice, for lack of prosecution. [Id].

Accordingly, by Order of this Court dated August 18, 2000, Plaintiff was ordered as follows: "Within thirty (30) days after the date of this Order, Plaintiff shall file one completed Form USM-285 and one extra copy of the Complaint for each of the Defendants to be served in this matter, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b)." [Docket No. 7, pp. 4-5]. The Order further instructed Plaintiff that Form USM-285 will be provided by the Clerk's office upon request and that copies of the Complaint can be obtained from the Clerk upon payment of the copying fee. [Docket No. 7, p. 3].

The August 18th Order and twenty USM-285 Forms were mailed to Plaintiff but were returned to the Court on September 1, 2000 [Docket Entry, 09/01/00]. Plaintff

was no longer at the address listed in his court file, but had been re-located to the Adult Detention Center in Rochester. He informed the Court of his address change on September 6, 2000 and the documents were re-mailed to Plaintiff's new address.

On October 2, 2000, the Court received a letter from Plaintiff, asking for an "extension of the due date." Because of his address change, Plaintiff had not received the August 18th Order until September 12, 2000. [Docket No. 11], just a few days before the deadline for submitting the Form USM-285s and copies of the Complaint with the Clerk of Court. Upon Plaintiff's request in that letter, the Clerk of Court mailed him seven USM-285 Forms.

Pursuant to his request and by Order of this Court dated October 17, 2000, Plaintiff was granted an extension of time to submit the USM-285 forms and copies of the Complaint. [Docket No. 12]. Plaintiff was given thirty days, or until November 16, 2000, to make the necessary submissions, and was again instructed that failure to do so would result in a recommendation that the Complaint be dismissed. [Docket No. 12].

On November 6, 2000, the Clerk of Court received the Form USM-285s, but Plaintiff did not send copies of the Complaint or pay the required fee for the Clerk to make copies. [Docket Entry, 11/6/00]. The Clerk of Court received another letter from Plaintiff, dated November 13, 2000, in which he asked for another thirty-day extension for filing copies of the Complaint. Plaintiff explained that the only copy of the Complaint in existence was the one he originally filed with the Court. Plaintiff also wrote that he does not have the money to pay for photocopies. Thus, he requested: "please extend 30 days and ask clerk to send original complaint or copy so I can write copies."

By Order dated December 14, 2000, Plaintiff was granted until December 29, 2000 to submit the necessary USM-285s and copies of the Complaint for each Defendant

to be served. [Docket No. 14]. Plaintiff was also provided with a copy of the Complaint in an Appendix to the Order. [Id.]. Once again, the Order stated that failure to comply will result in a recommendation by this Court that the action be dismissed. [Id.].

Plaintiff did not submit the required copies of the Complaint by December 29, 2000 and has not provided the Clerk of Court with the required copies as of the date of this Order. Plaintiff has not requested an extension of the December 29, 2000 deadline and has not corresponded with this Court or the Clerk of Court as to the reason for the delay.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure states an action may be dismissed: "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b).

Plaintiff was repeatedly informed of the method for having service effected upon the named Defendants: he must submit to the Clerk of Court a Form USM-285 and a copy of the Complaint for each Defendant to be served. Plaintiff was given ample opportunity and two extensions of the time limit within which to comply. Plaintiff was responsible for furnishing the Marshal with the necessary Form USM-285s and copies of the Complaint. See Fed. R. Civ. P. 4(c)(1)("The plaintiff. . . shall furnish the person effecting service with the necessary copies of the summons and complaint"); See also Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993)(it is a pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"). Plaintiff was ordered to comply and was warned that failure to provide the forms and copies would result in a recommendation that his Complaint be dismissed. Thus, pursuant to Fed. R. Civ. P. 41(b), Plaintiff's Complaint should be dismissed without prejudice for failure to prosecute.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's Complaint [Docket No. 1] be dismissed without prejudice by reason of his failure to cause process to be filed or served.

Dated: February 9, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **February 26, 2001** written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.